**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ERIC BABLE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-68

(Case No. 2:13-cr-29)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eric Bable ("Bable"), who is currently incarcerated at the Federal Correctional Complex-Medium in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, the Court **DISMISSES as moot** Bable's Motion for Leave to Amend and/or Supplement. (Doc. 13.) Additionally, I **RECOMMEND** this Court **DENY** Bable's Section 2255 Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Bable a Certificate of Appealability and **DENY** Bable *in forma pauperis* status on appeal.

### BACKGROUND

Bable pleaded guilty in this Court to one count of possession with intent to distribute oxycodone, oxymorphone, and alprazolam, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). J., United States v. Wright, 2:13-cr-29 (S.D. Ga. Apr. 16, 2014), ECF No. 43. The Honorable Lisa Godbey Wood sentenced Bable to 151 months' imprisonment. Id. at p. 2. Bable did not file a direct appeal.

On May 13, 2016, Bable filed this Section 2255 Motion, in which he asserts he should be resentenced in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1, pp. 12–13.) The Government filed a Response, (doc. 3), to which Bable filed a Reply, (doc. 4). Respondent filed a Supplemental Response to Bable's Motion, (doc. 11), after the Court granted Bable's Motion to Stay his 28 U.S.C. § 2255 Motion pending the Supreme Court's decision in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (Mar. 6, 2017).[1] Bable then filed a Motion seeking relief pursuant to Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), and a Motion for Leave to Amend and/or Supplement. (Docs. 12, 13.)[2]

## DISCUSSION

Bable asserts his sentence under the career offender provision of the United States Sentencing Guidelines ("the Guidelines") violates the due process clause of the Constitution. (Doc. 1-1, p. 1.) Bable specifically contends that his previous convictions under Florida law for burglary, resisting an officer with violence, and robbery by sudden snatching are no longer considered "crimes of violence" within the meaning of the Guidelines' residual clause.[3] (Id. at p. 2.) In support of these assertions, Bable relies upon the Supreme Court's decision in Johnson, which found the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the

---

[1] The Court hereby **LIFTS** that stay.

[2] Bable's Motions are virtually identical, which is why the Court dismisses as moot Bable's later-filed Motion.

[3] The Eleventh Circuit has found that, under Florida law, burglary of a dwelling or of an unoccupied dwelling are crimes of violence within the meaning of the Guidelines' residual clause. United States v. Matchett, 802 F.3d 1185, 1196–97 (11th Cir. 2015). Likewise, a conviction for resisting a police officer with violence pursuant to Florida Statute § 843.01 is a crime of violence under the Guidelines' residual clause. United States v. Barrow, 451 F. App'x 885, 886 (11th Cir. 2012) (citing United States v. Nix, 628 F.3d 1341, 1342 (11th Cir. 2010)). Accordingly, Bable has at least two felony convictions within the meaning of the Guidelines' residual clause.

2

"ACCA"), unconstitutionally vague. In addition, Bable avers the Supreme Court decisions in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), and Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (June 23, 2016), are retroactively applicable decisions which allow him to raise his claims relating to his erroneous career offender classification. (Doc. 12, p. 2.)

The Government asserts the Supreme Court's decision in Beckles forecloses Bable's argument that his sentence was unconstitutionally enhanced pursuant to the Sentencing Guidelines' career offender provision. Additionally, the Government asserts that Bable's Mathis-based claims are untimely pursuant to 28 U.S.C. §§ 2255(f)(1) and (3) and are not cognizable under Section 2255. (Doc. 11.)

## I. Whether Johnson Applies to Bable's Sentence Enhancement Pursuant to the Sentencing Guidelines

Bable moves under 28 U.S.C. § 2255 for resentencing pursuant to Johnson. In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms, in violation of 18 U.S.C. § 922(g), and (2) have "three prior convictions . . . for a *violent felony* or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at § 924(e)(2)(B). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See ___ U.S. at ___, 135 S. Ct. at 2557. The crux of Bable's first assertion is that he no longer qualifies for an enhanced sentence under the residual clause of the Guidelines in light of the Johnson decision.

3

The "crime of violence" definition contained within the Sentencing Guidelines' career offender enhancement provision is identical to the residual clause language the Supreme Court found unconstitutional in Johnson. U.S.S.G. § 4B1.2(a)(2). Despite this similarity, the Supreme Court held in Beckles that the holding of the Johnson decision does not apply to the residual clause of the Sentencing Guidelines. In Beckles, the petitioner was arrested for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). "Due to multiple prior felonies, Beckles['] violation of 18 U.S.C. § 922(g) subjected him to the enhanced penalty provision of 18 U.S.C. § 924(e)(1)[,] and the district court found him to be an armed career criminal pursuant to that statute." United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009). "This finding, in turn, qualified Beckles for a sentence enhancement under [Section 4B1.4 of the Sentencing Guidelines]." Id. Section 4B1.4 of the Sentencing Guidelines "instructs that the appropriate offense level is . . . [*inter alia*] the offense level described in § 4B1.1, if applicable." Id. at 841–42. "Section 4B1.1, in turn, applies if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. at p. 842 (citing U.S.S.G. § 4B1.1(a) (emphasis supplied)). The term "crime of violence" includes "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). "At [Beckles'] sentencing, the district court found that § 4B1.1 was applicable . . . reasoning that two of Beckles['] prior felony convictions were for qualified controlled substances offenses, and the current 18 U.S.C. § 922(g) conviction [for being a felon in possession of a firearm] was for a 'crime of violence'" Id.

4

In Beckles' subsequent Section 2255 motion, he "claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1, [arguing that] his conviction for possession of a sawed-off shotgun was not a 'crime of violence.'" Beckles v. United States, 579 F. App'x 833, 833 (11th Cir. 2014), *vacated*, Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (Mar. 6, 2017). The Eleventh Circuit Court of Appeals denied Beckles' Section 2255 motion, finding Johnson inapplicable to the Sentencing Guidelines. Beckles subsequently filed a petition for certiorari in the United States Supreme Court, again contending that the Sentencing Guidelines' residual clause is void for vagueness under Johnson. The Supreme Court granted certiorari and affirmed the decision of the Eleventh Circuit, holding that "the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Beckles, ___ U.S. at ___, 137 S. Ct. at 896. The Court reasoned that, unlike the ACCA, "[t]he advisory Guidelines [ ] do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."[4] Beckles, ___ U.S. at ___, 137 S. Ct. at 894. The Court further distinguished the Guidelines from the ACCA because the ACCA *requires* sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years, whereas the Guidelines are advisory. Id. at 892. Therefore, although the Sentencing Guidelines' residual clause and the ACCA's residual clause are identical, the Sentencing Guidelines are not subject to a void-for-vagueness challenge under Johnson because the Guidelines "merely guide the district courts' discretion[.]" Id. at 894.

---

[4] Specifically, the Supreme Court found that "even perfectly clear Guidelines could not provide notice to a person who seeks to regulate his conduct so as to avoid particular penalties within the statutory range." Beckles, ___ U.S. at ___, 137 S. Ct. at 886, 894. As to arbitrary enforcement, the Guidelines "do not regulate the public by prohibiting any conduct or by 'establishing minimum and maximum penalties for [any] crime.'" Id. at 895 (citing Mistretta v. United States, 488 U.S. 361, 396, (1989)). "Rather, the Guidelines advise sentencing courts how to exercise their discretion within the bounds established by Congress." Id.

5

The Supreme Court's decision in Beckles forecloses Bable's argument that he was improperly sentenced as a career offender under the Sentencing Guidelines. As a result, the Court should **DENY** that portion of his Section 2255 Motion.

## II.     Whether Descamps and Mathis Provide Bable With Relief

The Government contends Bable's Mathis claims are untimely. (Doc. 11, p. 3.) To determine the timeliness of these claims, the Court looks to the applicable statute of limitations. Section 2255(f)(1) provides that a movant has one year to file a Section 2255 motion, and that period runs from the latest of "the date on which the judgment of conviction becomes final[.]"

Bable was sentenced to 151 months' imprisonment on April 14, 2014, and the Court's final judgment was entered on April 16, 2014.[5] Min. Entry & J., United States v. Bable, 2:13-cr-29 (S.D. Ga. Apr. 14 and Apr. 16, 2014), ECF Nos. 41, 43. Bable had fourteen (14) days, or until April 30, 2014, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Bable did not file an appeal, he had until April 30, 2015, to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1). Bable did not execute his Section 2255 motion until May 10, 2016, and it was filed in this Court on May 13, 2016. (Doc. 1.) Bable filed his Section 2255 Motion more than a year after the expiration of the applicable statute of limitations period. Consequently, Bable's petition is untimely under § 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive

---

[5] Bable's judgment date is listed as being April 14, 2014. The Court signed Bable's Judgment on April 15, 2014, and it was filed upon the docket and record of the case on April 16, 2014. J., United States v. Bable, 2:13-cr-29 (S.D. Ga. Apr. 16, 2014), ECF No. 43. Regardless of which date the Court uses as the date of judgment, Bable's Motion is untimely under Section 2255(f)(1). Nevertheless, the Court uses the latest of these dates for statute of limitations purposes.

deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)).

Because Bable does not meet the limitations period of Section 2255(f)(1), the Court must assess whether Bable can utilize the statute of limitations period found at Section 2255(f)(3). Section 2255(f)(3) provides that the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized . . . and made retroactively applicable to cases on collateral review[.]" Descamps was decided on June 20, 2013, and Mathis was decided on June 23, 2016. Regardless of the dates of these decisions, however, neither case provides Bable with the relief he seeks because these cases did not announce a newly recognized right made retroactively applicable to cases on collateral review.

In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction has a "single, indivisible set of elements." ___ U.S. at ___, 133 S. Ct. at 2281–82. In doing so, the Supreme Court stated that its case law regarding the categorical approach and modified categorical approach in ACCA applications "all but resolve[d]" the case. Id. at ___, 133 S. Ct. at 2283. "It is well settled that a case does not apply retroactively unless and until the Supreme Court so states." Hill v. Taylor, No. 114CV00477MHHTMP, 2017 WL 1097216, at *3 (N.D. Ala. Mar. 2, 2017), *report and recommendation adopted*, No. 114CV00477MHHTMP, 2017 WL 1076446 (N.D. Ala. Mar. 22, 2017) (citing Tyler v. Cain, 533 U.S. 656 (2001) (noting that the Supreme Court is the only entity that can make a new rule

7

retroactive by so holding, and that neither decisions of lower courts nor dicta of Supreme Court decisions make a case retroactive to cases on collateral review)).[6]

In determining whether a new rule announced by the United States Supreme Court is retroactively applicable for purposes of a first Section 2255 motion, the Eleventh Circuit distinguishes substantive rules from procedural rules. "Under the Teague[v. Lane, 489 U.S. 288 (1989),] framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review." Mays v. United States, 817 F.3d 728, 734 (11th Cir. 2016). "A new rule is defined as a rule that was not *dictated* by precedent existing at the time the defendant's conviction became final." Id. (emphasis in original). However, Descamps did not announce a new rule; rather, "its holding merely clarified existing precedent." Because Descamps did not announce a new rule, the statute of limitations period found in Section 2255(f)(3) is not triggered and cannot render Bable's claims timely. Thus, Bable cannot seek relief in this collateral proceeding on this basis.

Likewise, the Supreme Court's decision in Mathis did not announce a new rule that is retroactively applicable to cases on collateral review. The Supreme Court noted in Mathis that, "For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." ___ U.S. at ___, 136 S. Ct. at 2257. Stated another way, the Mathis court held that the modified categorical approach must focus on the elements of the statutory offense and not on that offense's means of commission. Accordingly, Mathis does not establish a newly recognized rule

---

[6] "The Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review." Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014).

that is retroactively applicable to cases on collateral review. Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (noting the Mathis decision interprets the "statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law[ ]"); United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (collecting cases); Davis v. United States, CV116-140, 2017 WL 1362795, at *4 (S.D. Ga. Mar. 16, 2017) (determining that Mathis did not announce a new rule of constitutional law that the Supreme Court made retroactive, nor is this decision retroactive for purposes of filing a second or successive Section 2255 motion). Thus, Bable is not entitled to relief pursuant to Mathis, as this decision also does not trigger the limitations period found in Section 2255(f)(3).

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Bable leave to appeal *in forma pauperis*. Though Bable has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Bable's Motion, as supplemented, and the Government's Response and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Bable a Certificate of Appealability, Bable is advised that he "may not appeal the denial but may

seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES as moot** Bable's Motion for Leave to Amend and/or Supplement. (Doc. 13.) Additionally, I **RECOMMEND** that the Court **DENY** Bable's Section 2255 Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Bable *in forma pauperis* status on appeal and **DENY** Bable a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Bable and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 18th day of May, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA