# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

ERIC BABLE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-68

(Case No.: 2:13-cr-29)

## ORDER

After an independent and *de novo* review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 15, to which Movant Eric Bable ("Bable") filed Objections, dkt. no. 17. In his Objections, Bable asserts the decisions in <u>Descamps v. United States</u>, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), and <u>Mathis v. United States</u>, ___ U.S. ___, 136 S. Ct. 2243 (June 23, 2016), are retroactively applicable decisions which allow him to raise his claims relating to his erroneous career offender classification. <u>Id.</u> at p. 1. Bable asserts these decisions did not change the meaning of "violent felony" found in the Armed Career Criminal Act, ("ACCA"), 18 U.S.C. § 924(e). <u>Id.</u> at p. 3. Regardless of

the veracity of Bable's assertion or the potential for retroactive application of these decisions, Bable overlooks the fact that he was sentenced as a career offender under the United States Sentencing Guidelines and not as an armed career criminal under the ACCA. Thus, Descamps and Mathis offer Bable no relief, as these decisions concern the ACCA and not the career offender provision of the Sentencing Guidelines. Descamps, ___ U.S. at ___, 133 S. Ct. at 2293 ("A court may use the modified approach only to determine which alternative element in a divisible stature formed the basis of the defendant's [prior] conviction[s]" for ACCA sentencing purposes.); Mathis, ___ U.S. at ___, 136 S. Ct. at 2257 (finding that a defendant's burglary conviction under state law with statutory elements broader than those of a generic burglary "cannot give rise to an ACCA sentence[]").

Moreover, as the Magistrate Judge noted, the United States Supreme Court has foreclosed any challenge to the Sentencing Guidelines' residual clause based on the argument that the Supreme Court voided for vagueness identical language of the ACCA's residual clause in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). Dkt. No. 15, pp. 3-6 (discussing Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (Mar. 6, 2017)).

The Court **OVERRULES** Bable's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DENIES** Bable's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct his Sentence and **DIRECTS** the Clerk of Court to **CLOSE** this case. The Court **DENIES** Bable a Certificate of Appealability and *in forma pauperis* status on appeal.

**SO ORDERED**, this ___31___ day of ___August___, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)